**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 1 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

TENID CIRCUIT

---

MARY BIG ELK; SAM MCCLANE,

Plaintiffs-Appellees,

v.

DONNA KASTNING; DAN HIVLEY;
WES PENLAND; OSAGE COUNTY
SHERIFF'S DEPARTMENT, Donna
Kastning, in her official capacity as a
Deputy Sheriff, Dan Hivley, in his official
capacity as a Deputy Sheriff; and Wes
Penland in his official capacity as
Lieutenant and Undersheriff,

Defendants-Appellants,

and

OSAGE COUNTY DISTRICT
ATTORNEY, Larry D. Stuart, in his
official capacity as District Attorney for
Osage County, Oklahoma; JOHN DOE,
other unknown persons or person having
responsibility or involvement in the
circumstances of the violation of the civil
rights of the Plaintiffs including persons
acting in concert and joint participation
with other Defendants herein and who are
joined herein for purposes of declaratory
relief and damages as may be appropriate,

Defendants.

No. 97-5012
(D.C. No. 96-CV-87)
(N.D. Oklahoma)

ORDER AND JUDGMENT[*]

Before SEYMOUR, Chief Judge, LOGAN and MURPHY, Circuit Judges.

Plaintiffs Mary Big Elk and Sam McClane brought this action under 42 U.S.C. § 1983 against various sheriff's deputies, the district attorney, the sheriff, and the Board of County Commissioners of Osage County, Oklahoma, alleging that the deputies assisted a private individual in taking possession of plaintiffs' horses in violation of their Fourth and Fourteenth Amendment rights. The district court denied defendants' motion for summary judgment, finding that disputed issues of fact precluded defendants from obtaining summary judgment on their qualified immunity claim. The court also denied the sheriff and the board's motion for summary judgment because factual issues remained. Defendants[1] appeal. Applying the Supreme Court cases of Johnson v. Jones, 515 U.S. 304 (1995), and Behrens v. Pelletier, 116 S. Ct. 834 (1996), we hold that we lack jurisdiction to review the district court's ruling that disputed material facts preclude summary judgment for defendant deputies on plaintiffs' § 1983 claim. Because we

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] Except for county attorney Larry Stuart, who was granted summary judgment.

cannot consider the deputies' appeal of the denial of qualified immunity, we also lack pendent jurisdiction to hear the appeals by the sheriff and Osage County Board of County Commissioners.

I

This case arose out of a dispute between Tina Kastning (Tina) and plaintiff Sam McClane. Tina loaned McClane, a horse trader and trainer, $8,000 to buy horses. Tina and McClane did not have a written agreement or repayment schedule. Tina asserts that when McClane had difficulty paying back the loan, he told her they were now partners in the horses. McClane denies any partnership agreement and characterizes the transaction as a loan. In any event, when McClane continued to delay repayment, Tina became concerned she would never be repaid. McClane was then boarding horses (which he now says belonged to plaintiff Big Elk) in leased stalls at the fairgrounds in Osage County. Tina first padlocked McClane's rented stalls to ensure he did not move the nine to eleven horses in those stalls. Later, Tina decided she wanted to take possession of the horses. She contacted her attorney, who called the district attorney, Larry Stuart. Stuart advised that it was a civil matter but apparently said that if Tina took possession of the horses he would not prosecute her.

Three separate incidents followed in which defendant deputies and others assisted Tina both with ensuring that plaintiffs did not move the horses and in helping her take possession of them. First, Tina called defendant deputy sheriff Donna Kastning (Donna),

3

her sister-in-law, and asked her to come and "stand by" while she took the horses. After Tina and others had moved two of the horses, plaintiff Big Elk arrived and told Donna that she and McClane owned the horses. Donna demanded that Big Elk identify herself. Donna called a judge and told Tina to postpone taking more horses until she went to court.

In the second incident, McClane had loaded some of the horses on a trailer but Tina and her husband had blocked the trailer with their vehicles. When Donna and other deputies arrived they refused McClane's request to have Tina move her car, and essentially told McClane to just leave the horses at the fairground for now.

The third incident occurred the next day, while plaintiffs were not present. Tina enlisted defendant deputy Dan Hivley to help her move the horses; Donna was present. They loaded the horses and, after apparently calling the dispatcher, took the horses to Hivley's property for boarding.

Tina had not yet procured a court order supporting her right to take possession of the horses, although she apparently told some of the deputies that the district attorney had said she had permission to move the horses. The record also indicates that when Big Elk called in a complaint, the dispatcher called Tina to advise her of the call and that "no information [was] given." II App. 514. There is also evidence that the sheriff knew of the deputies' assistance to Tina and did not object. Policy allowed a deputy to stand by

4

during a repossession, but if the owner was present and asked them to leave, the repossession would be stopped.

On appeal the deputies argue that they were entitled to qualified immunity because their actions did not violate clearly established law which a reasonable person should have known.

## II

Orders denying qualified immunity before trial are immediately appealable if they resolve abstract issues of law. See Behrens v. Pelletier, 116 S. Ct. 834, 842 (1996); Johnson v. Jones, 515 U.S. 304, 312-14 (1995). "A determination that the law allegedly violated by the defendant was clearly established at the time of the challenged actions is an abstract issue of law that is immediately appealable. A determination that under either party's version of the facts the defendant violated clearly established law is also immediately appealable." Foote v. Spiegel, 118 F.3d 1416, 1422 (10th Cir. 1997) (citing Behrens, 116 S. Ct. at 842) (other citations omitted). Government officials, however, "cannot appeal pretrial denial of qualified immunity to the extent the district court's order decides nothing more than whether the evidence could support a finding that particular conduct occurred." Id. (citing Behrens, 116 S. Ct. at 842). "An order denying qualified immunity on summary judgment is not appealable if it merely determines the facts asserted by the plaintiff are sufficiently supported by evidence in the record to survive summary judgment." Foote, 118 F.3d at 1422 (citing Johnson, 515 U.S. at 312-14).

The district court found that the record contained factual questions as to whether the deputy defendants' actions violated clearly established due process rights under the Fourth and Fourteenth Amendments that should reasonably have been known to defendants.

A

We have jurisdiction to review the defendants' assertion that the district court mistakenly identified clearly established law only if the district court denied summary judgment for a purely legal reason. In ruling that the law was clearly established on the date of the incidents, the district court relied upon Soldal v. Cook County, Illinois, 506 U.S. 56 (1992).

In Soldal, mobile home park owners had begun proceedings to evict plaintiff's trailer from the mobile home park but forcibly evicted the trailer before obtaining a court order. At the park manager's request deputies came during the eviction and told the trailer owner that the deputy was there to see that the trailer owner did not interfere. Plaintiff sued under 42 U.S.C. § 1983 for Fourth and Fourteenth Amendment violations. The court of appeals held that there was no seizure under the Fourth Amendment because it was not made in the course of "public law enforcement" and did not invade plaintiff's privacy. In reversing, the Supreme Court noted that a seizure is a "meaningful interference with an individual's possessory interests in []property." Id. at 61. It held that the Fourth Amendment protects property rights, and stated that Fourth Amendment

seizure need not be the outcome of a search; a seizure may occur even when there is no invasion of privacy.

Defendants attempted to distinguish this case from Soldal because here the incidents occurred on a public fairground, and thus did not involve trespass. In Soldal, however, the officers were not trespassing on private property; they came at the invitation of the landowner. Soldal clearly held that if police officers actually assisted in an illegal seizure then they would be violating plaintiff's constitutional rights.

B

The district court found that plaintiffs presented enough evidence to create a factual question as to whether defendants' conduct violated clearly established law as set out in Soldal. "[I]f what is at issue in the sufficiency determination is nothing more than whether the evidence could support a finding that particular conduct occurred, the question decided is not truly 'separable' from the plaintiff's claim and hence there is no 'final decision' under Cohen [v. Beneficial Industrial Loan Corp., 337 U.S. 541 (1949),] and Mitchell [v. Forsyth, 472 U.S. 511 (1985)]." Behrens v. Pelletier, 116 S. Ct. at 842.

This case presents a problem discussed in Behrens and Johnson: when a district court does not fully identify the particular conduct that it deemed adequately supported, "a court of appeals may have to undertake a cumbersome review of the record to determine what facts the district court, in light most favorable to the nonmoving party,

7

likely assumed. That is the task now facing the Court of Appeals." Id. at 842 (quoting Johnson, 115 S. Ct. at 319).

We thus must determine what facts the district court most likely assumed in finding that "[t]here are allegations, with sufficient factual support in the record, that the sheriff, as the Osage County policy maker, and the named deputies either joined in or condoned the seizure of the subject horses." III R. 915; Buonocore v. Harris, 65 F.3d 347, 357 (4th Cir. 1995) (court dismissed for lack of jurisdiction even though defendants contended their behavior did not violate clearly established right because defendants relied upon their own statement of facts: "defendants cannot demonstrate that [plaintiff's] allegations do not state a violation of a clearly established right simply by substituting their own version of the facts").

Our review of the record indicates that the district court likely based its ruling on testimony that defendant deputies participated in (1) standing by while Tina took possession of two of plaintiffs' horses; (2) preventing plaintiffs from moving their property in a lawful manner; and (3) actually moving some of plaintiffs' horses to deputy Hivley's property. The court also likely based its denial of summary judgment on a finding that there was conflicting evidence as to whether the deputies conspired to allow Tina to gain possession of the horses.

We are without jurisdiction to review the court's finding that summary judgment was inappropriate because plaintiffs raised genuine issues of disputed facts.  See Sevier v. City of Lawrence, 60 F.3d 695, 700-01 (10th Cir. 1995).

III

Defendants county commission and sheriff[2] asked us to assert appellate jurisdiction over their appeals under the doctrine of pendent appellant jurisdiction. Because we do not have jurisdiction of the deputies' appeal from the denial of qualified immunity we must dismiss that appeal.  Therefore no appeal remains to support the pendent jurisdiction claim by the county or sheriff.  See Sevier, 60 F.3d at 701.  We dismiss for lack of jurisdiction the appeals by the deputy sheriffs, the sheriff, and the board of county commissioners.

DISMISSED.

Entered for the Court

James K. Logan
Circuit Judge

---

[2]  We note that the sheriff is sued in his official capacity.  Thus the suit against him is a suit against the county.  Taylor v. Meacham, 82 F.3d 1556, 1564 (10th Cir.), cert. denied, 117 S. Ct. 186 (1996).  The county is not entitled to assert qualified immunity. Owen v. City of Independence, 445 U.S. 622, 650-53 (1980) (government entities may not assert qualified immunity).